UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jerome Addison, | ) | C/A No. 8:25-cv-14025-RMG-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lavern L. Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Jerome Addison ("Petitioner"), proceeding *pro se* and *in forma pauperis*, brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Ridgeland Correctional Institution. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in such cases and submit findings and recommendations to the District Court. For the reasons below, the Petition filed in this matter should be denied and the action should be dismissed.

## BACKGROUND

**The Petition**

Petitioner commenced this action by filing a Petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he makes the following allegations.[1] ECF No. 1. Petitioner challenges his convictions for assault and battery with intent to kill and kidnapping, for which he received a

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The envelop contains a stamp by the prison mailroom indicating the Petition was delivered for forwarding to the court on December 22, 2025. The Court will use that as the date of filing.

1

sentence of life without parole on September 5, 1997.  *Id.* at 1.  Petitioner asserts a single ground for relief:

> **GROUND ONE**:     Denied a fundamental fairness.
>
> ***Supporting Facts***:     The Petitioner was denied notice of arbitration proceeding [to] be held on 5/6/87.

*Id.* at 5.  For his relief, Petitioner seeks permission to file a successive habeas petition and relief from the three strikes rule.  *Id.* at 15.

## **APPLICABLE LAW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Further, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, even under this less stringent standard, the Petition is subject

to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

**The Action is Successive**

Petitioner challenges the validity of his state court conviction and sentence, and he seeks habeas relief under 28 U.S.C. § 2254. Nevertheless, the Petition filed in this action should be dismissed as an unauthorized successive Petition.

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Because Petitioner is in custody pursuant to a state court judgment and seeks to overturn or challenge his state court conviction, his habeas corpus petition [is] properly construed as a § 2254 petition." *Sabb v. South Carolina*, C/A No. 9:06-cv-1943-RBH, 2008 WL 701387, at *2 (D.S.C. Mar. 13, 2008) (collecting cases). On April 24, 1996, the AEDPA amended 28 U.S.C. § 2254 and other habeas statutes. Specifically,

> [t]he AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate

> sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). To be considered "successive," the second or subsequent petition must be an attack on the same conviction addressed in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). "Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). The "gatekeeping" mechanism created by AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b).

*Felker*, 518 U.S. at 657 (citing § 2244(b)(3)(c); §§ 2244(b)(3)(B), (D)).

Although § 2254 is the appropriate vehicle for Petitioner to challenge his state conviction and sentence, relief under the statute is unavailable to Petitioner because the instant action is an unauthorized successive petition. This is at least the eighth action that Plaintiff has submitted to this Court in an effort to challenge his state court criminal conviction and sentence. Specifically, Plaintiff filed a habeas action pursuant to § 2254 at case number 2:00-cv-2557, and this Court dismissed that action with prejudice on August 7, 2001, granting summary judgment to the Respondent. *See Addison v. State of S.C.*, 2:00-cv-2557-12AJ (D.S.C. Aug. 7, 2001), ECF No. 34 (adopting the Report and Recommendation at ECF No. 23). Additionally, Plaintiff filed

4

subsequent actions pursuant to § 2254 at case numbers 2:02-cv-2271, 2:05-cv-3479, 2:08-cv-3717, 8:20-cv-4010, 2:24-cv-3623, 2:25-cv-12512, and 8:25-cv-13646, and this Court dismissed each of those actions as unauthorized successive petitions. The petition at case number 2:00-cv-2557 was dismissed on the merits, making the present Petition, which attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).

Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action. That statute permits a court of appeals to determine whether to authorize a successive petition. Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Petitioner has not alleged facts showing he has received authorization from the Fourth Circuit Court of Appeals to bring a successive § 2254 Petition. Because it appears that Petitioner did not obtain authorization from the Fourth Circuit to file the instant Petition, this Court does not have jurisdiction to consider it. *Id.*

## CONCLUSION AND RECOMMENDATION

For the reasons above, it is recommended that the Petition be **DENIED** and this action be **DISMISSED** without requiring the Respondent to file an answer or return.

**IT IS SO RECOMMENDED.**

s/William S. Brown<br>
United States Magistrate Judge

January 13, 2026
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).