IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, <br><br>   Petitioner, <br> v. <br><br>Lavern Cohen. <br><br>   Respondent. | Case No. 8:25-14025-RMG <br><br><br>**ORDER** |

  This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this action be summarily dismissed as an unauthorized successive habeas petition. (Dkt. No. 11). Petitioner was advised he had 14 days to file written objections to the R & R and a failure to file timely objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 6). No written objections were timely filed.

**I. Background**

  Petitioner challenges in this §2254 habeas petition his state court convictions for assault and battery with intent to kill and kidnapping, in which he received a life sentence without parole in 1997. Since his state court conviction was final, Petitioner has filed at least eight other habeas petitions. (Dkt. No. 11 at 5-6). After the denial of his first habeas petition, this Court has dismissed as successive the other habeas petitions.

Legal Standards

 **A. Magistrate's Report and Recommendation**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## II. Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this petition is an unauthorized successive habeas petition because he did not first obtain authorization of the court of appeals to file a successive petition. As such, the Magistrate Judge correctly concluded that it is subject to summary dismissal.

**Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 11) as the Order of the Court and **DISMISSES** this petition as an unauthorized successive petition. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

                                          s/ Richard Mark Gergel
                                          Richard Mark Gergel
                                          United States District Judge

February 2, 2026
Charleston, South Carolina